UNITED STATES, Appellee

v

DONALD L. ELKINS, Private E–2, U. S. Army, Appellant

8 USCMA 611, 25 CMR 115

No. 9871

Decided January 24, 1958

*Major Frank C. Stetson* was on the brief for Appellant, Accused.

*Lieutenant Colonel Thomas J. Newton* was on the brief for Appellee, United States.

Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Originally, we denied review in this case. Thereafter, the accused petitioned for reconsideration on the ground that there was an issue as to the adequacy of his representation by appointed defense counsel which was similar to that in United States v Allen, 8 USCMA 504, 25 CMR 8, which was then pending before the Court. The Government did not oppose a grant of review. Nevertheless, it submitted an affidavit by the appointed defense counsel in regard to the merits of the accused's claim of error.

In the affidavit the appointed defense counsel says, in part, that he discussed the question of mitigation evidence with

**611**

the accused. He represents that the accused informed him that "there was nothing which he desired to present to the court" and that "he had no desire to remain in the service"; as a result, it was determined that "no argument" or evidence would be presented. We granted the petition without requiring a reply from the accused to the averments in his counsel's affidavit. The accused, therefore, has not had an opportunity to meet fully the Government's new matter. Since this matter requires further inquiry, we believe it better to remand the case to the board of review for further proceedings.

We return the record of trial to The Judge Advocate General for submission to the board of review to hear and determine the matter in dispute in accordance with our *Allen* opinion.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting):

I dissent.

Here, as in United States v Allen, 8 USCMA 504, 25 CMR 8, the issue is the alleged inadequacy of defense counsel in failing to argue on the sentence. If possible, this record is more barren of good reasons for requiring further action than was the one confronting us in the cited case.

The accused pleaded guilty to a specification alleging desertion, in violation of Article 85 of the Uniform Code of Military Justice, 10 USC § 885. To support the conviction, the record shows he was stationed in Alaska, left without authorization, and was apprehended in Jefferson, Ohio. In his personal petition on appeal, he makes no contention of inadequate representation, but when his appellate counsel subsequently raised that assignment of error, trial defense counsel filed an affidavit in which he contended that he acted in accordance with the desires of his client.

In addition, the affidavit contains the averment that, according to counsel's best recollection, accused desired to be separated from the service. Significantly enough, those averments remain unchallenged and the record is notoriously silent on matters of extenuation which were not presented to the court. Therefore, I am at a loss to understand what factual issue needs to be decided in this case.

Of course, if this counsel is guilty of not properly representing his client, then the Court in effect is saying that inadequate representation arises when counsel comply with the desires of their clients. That would indeed be a bad rule, for a lawyer may be damned if he argues against the will of an accused or damned if he does not.

In an attempt to avoid the force of my arguments, the Court states that we granted the petition for reconsideration without requiring counter-affidavits from the accused. A grant of review does not relieve an accused of his burden to show he was inadequately represented, and the content of trial defense counsel's affidavit has been known to him or his appellate counsel for over seven months. He has not challenged the assertions set forth therein but, in spite of that omission, we are sending the case back to a board of review to permit trial of his counsel when the record before us does not warrant that extraordinary relief. Under the procedure adopted by the Court, the primary responsibility for determining the facts is on this Court, and I would not designate a referee for that purpose unless a bona fide dispute exists. At least, before proceeding further, I would require the accused to answer to this Court under oath by affidavit that the facts averred by his trial defense counsel are untrue.

On the present record, I would affirm the decision of the board of review.